## 24963. WHITE v. THE STATE.

H. E. Coates, Lovejoy Boyer, for plaintiff in error.

M. H. Boyer, solicitor-general, contra.

Broyles, C. J. 1. The only special grounds of the motion for a new trial are as follows: "1st. Because upon the trial of the said stated case the court erred in the following point and particular, that when the jury trying the said case came into the court-room after having considered the case for some time, and in open court requested a new charge by the court on and as to the different punishments that could be passed upon the said defendant, that the court instructed the jury in the punishment that could be imposed for the offense charged in the indictment, except the charge and instruction that the jury could find the defendant not guilty, and that if they did so find the defendant not guilty that he would be acquitted, and that the said jury was not so charged at this time that they could so find the defendant not guilty. 2nd. That this failure so to charge the jury trying the case, as above set out, was tantamount to an expression of opinion by the court to the jury, and so was prejudicial to the said defendant in the case, and was error." Since no exception is taken to the original charge, it will be presumed that the court there correctly instructed the jury on their right to find the defendant not guilty of the offense charged, and to acquit him, if from the evidence in the case they had a reasonable doubt of his guilt; and it appearing from the ground that the jury desired an additional charge only "as to the different *punishments* [italics ours] that could be passed upon the said defendant," it was not error for the judge to limit his additional instructions to the punishment that could be given the defendant, and to omit therefrom any reference to the defendant's acquittal. It follows that the special grounds of the motion are without merit.

2. The evidence as to the guilt of the accused, while in conflict, authorized his conviction of the offense of involuntary manslaughter in the commission of an unlawful act, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*